D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

**E-filing**

ORIGINAL FILED
SEP 28 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation, | CASE NO.: CV 10 4378 |
| Plaintiff, | COMPLAINT: |
| vs. | COPYRIGHT INFRINGEMENT and CIVIL CONSPIRACY |
| DOES 1-50, individuals, | |
| Defendants. | JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants DOE 1 to 50 and to enjoin Defendants from future infringement. Defendants reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000" certain Io Group-owned audiovisual works.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

3. The true names and capacities, whether individual, corporate, affiliate, or otherwise, of Defendant DOES 1 - 50 inclusive, are presently unknown to Plaintiff, and for that reason Plaintiff sues those Defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the DOE Defendants is in some way responsible for the damages herein alleged. Plaintiff will amend this Complaint when it discovers the true names and capacities of the DOE Defendants.

4. Each Defendant used an Internet connection provided by AT&T Internet Services operating as Bell South Internet to access the Internet for the purpose of engaging in the infringing activity complained of herein.

5. Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation. Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

## JURISDICTION

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and/or have committed unlawful and tortuous acts both within and outside the State of California knowing their acts would cause injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

8. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

10. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid

detection, identification, and prosecution. Defendants' infringement represents one of these manifestations of on-line digital piracy.

11. In using the peer-to-peer (P2P) network"eDonkey2000", each of the DOE Defendants conspired with other individuals, including the other DOE Defendants, to reproduce and distribute Plaintiff's copyrighted works. Each of the DOE Defendants conspired to provide other individuals with infringing copies of Plaintiff's works in exchange for receiving infringing copies of other works including other works belonging to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing. Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

13. Each of the audiovisual works at issue in this action is of obvious high production values and is easily discernable as a professional work. Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

14. Each of Plaintiff's works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that

unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

15. All Defendants knew or should have known that Plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

16. At various times Plaintiff discovered and documented a number of Io Group, Inc. copyrighted works being publicly distributed by DOES 1 through 50 by and through the P2P network "eDonkey2000".

17. Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

18. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

19. At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works reproduced and distributed by Defendants through the P2P network "eDonkey2000".

20. For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office or has timely applied for registration.

### Defendants Willfully Infringed Plaintiff's Registered Copyrights

21. Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

22. Defendant Doe 1, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 5/17/2010 at 05:05:01 GMT, from the IP address 65.3.129.238.

23. Defendant Doe 2, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 6/11/2010 at 20:29:31 GMT, from the IP address 74.229.145.2. Defendant Doe 2, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 2* (U.S. registration PA 1-230-106) and distributed it on 6/12/2010 at 15:55:27 GMT, from the IP address 74.229.145.2. Defendant Doe 2, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 3* (U.S. registration PA 1-230-117) and distributed it on 6/10/2010 at 19:06:08 GMT, from the IP address 74.229.145.2.

24. Defendant Doe 3, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 6/12/2010 at 06:02:34 GMT, from the IP address 65.10.55.6.

25. Defendant Doe 4, without authorization, reproduced Plaintiff's registered work *Battle Creek BreakDown* (U.S. registration PA 1-668-288) and distributed it on 4/8/2010 at 21:52:31 GMT, from the IP address 74.161.16.69.

26. Defendant Doe 5, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration PA 990-715) and distributed it on 5/3/2010 at 07:48:59 GMT, from the IP address 68.214.220.228.

27. Defendant Doe 6, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/8/2010 at 15:03:02 GMT, from the IP address 74.163.216.90.

28. Defendant Doe 7, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/11/2010 at 00:11:50 GMT, from the IP address 74.176.89.60.

29. Defendant Doe 8, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/18/2010 at 08:24:28 GMT, from the IP address 74.178.163.138.

30. Defendant Doe 9, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/19/2010 at 08:06:00 GMT, from the IP address 70.156.161.138.

31. Defendant Doe 10, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/27/2010 at 21:47:17 GMT, from the IP address 74.179.164.163.

32. Defendant Doe 11, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 6/14/2010 at 15:36:44 GMT, from the IP address 65.13.133.234.

33. Defendant Doe 12, without authorization, reproduced Plaintiff's registered work *Copperhead Canyon* (U.S. registration PA 1-637-557) and distributed it on 5/24/2010 at 18:56:42 GMT, from the IP address 65.8.98.205.

34. Defendant Doe 13, without authorization, reproduced Plaintiff's registered work *CopShack 2 - Crossing The Line* (U.S. registration PA 1-366-927) and distributed it on 5/18/2010 at 23:43:47 GMT, from the IP address 65.3.251.233.

35. Defendant Doe 14, without authorization, reproduced Plaintiff's registered work *CopShack 2 - Crossing The Line* (U.S. registration PA 1-366-927) and distributed it on 6/14/2010 at 15:30:28 GMT, from the IP address 98.77.188.164.

36. Defendant Doe 15, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration PA 1-688-979) and distributed it on 5/30/2010 at 22:37:15 GMT, from the IP address 74.226.166.222.

37. Defendant Doe 16, without authorization, reproduced Plaintiff's registered work *Distraction* (U.S. registration PENDING) and distributed it on 4/6/2010 at 09:56:14 GMT, from the IP address 72.144.160.223.

38. Defendant Doe 17, without authorization, reproduced Plaintiff's registered work *Fallen Angel* (U.S. registration PA 871-486) and distributed it on 4/1/2010 at 21:59:43 GMT, from the IP address 74.225.73.217.

39. Defendant Doe 18, without authorization, reproduced Plaintiff's registered work *Fallen Angel* (U.S. registration PA 871-486) and distributed it on 4/13/2010 at 23:49:41 GMT, from the IP address 65.11.228.124.

40. Defendant Doe 19, without authorization, reproduced Plaintiff's registered work *Fallen Angel IV - Sea Men* (U.S. registration PA 1-065-767) and distributed it on 5/10/2010 at 03:55:31 GMT, from the IP address 74.247.51.186.

41. Defendant Doe 20, without authorization, reproduced Plaintiff's registered work *Folsom Flesh* (U.S. registration PA 1-666-461) and distributed it on 4/1/2010 at 09:39:53 GMT, on 4/1/2010 at 21:09:22 GMT, and on 4/3/2010 at 09:38:24 GMT, from the IP address 98.64.71.156.

42. Defendant Doe 21, without authorization, reproduced Plaintiff's registered work *Fear* (U.S. registration PA 1-617-997) and distributed it on 6/7/2010 at 13:21:06 GMT, from the IP address 70.145.0.126.

43. Defendant Doe 22, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 4/1/2010 at 14:12:46 GMT, from the IP address 98.71.182.248.

44. Defendant Doe 23, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 4/24/2010 at 05:45:57 GMT, from the IP address 98.84.40.123.

45. Defendant Doe 24, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 6/29/2010 at 07:16:13 GMT, from the IP address 98.84.70.110.

46. Defendant Doe 25, without authorization, reproduced Plaintiff's registered work *Gorge* (U.S. registration PA 1-202-666) and distributed it on 5/5/2010 at 18:08:45 GMT, from the IP address 98.74.39.166.

47. Defendant Doe 26, without authorization, reproduced Plaintiff's registered work *Heat* (U.S. registration PA 1-017-633) and distributed it on 5/31/2010 at 03:37:04 GMT, from the IP address 74.173.54.40.

48. Defendant Doe 27, without authorization, reproduced Plaintiff's registered work *Heat* (U.S. registration PA 1-017-633) and distributed it on 6/3/2010 at 07:43:17 GMT, from the IP address 98.85.104.69.

49. Defendant Doe 28, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 4/11/2010 at 01:54:37 GMT, from the IP address 65.8.100.27.

50. Defendant Doe 29, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 5/23/2010 at 07:12:46 GMT, from the IP address 74.173.197.186.

51. Defendant Doe 30, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 2* (U.S. registration PA 1-230-106) and distributed it on 5/7/2010 at 05:25:32 GMT, from the IP address 98.83.17.22.

52. Defendant Doe 31, without authorization, reproduced Plaintiff's registered work *Ten Tops One Fuller* (U.S. registration PA 1-232-827) and distributed it on 5/13/2010 at 14:53:28 GMT, from the IP address 70.145.0.126.

53. Defendant Doe 32, without authorization, reproduced Plaintiff's registered work *Truck Stop On I-95* (U.S. registration PA 1-232-268) and distributed it on 5/7/2010 at 02:41:59 GMT, from the IP address 70.145.56.173.

54. Defendant Doe 33, without authorization, reproduced Plaintiff's registered work *Turned On* (U.S. registration PA 1-319-593) and distributed it on 6/12/2010 at 21:16:51 GMT, from the IP address 74.248.237.63.

55. Defendant Doe 34, without authorization, reproduced Plaintiff's registered work *Shock Treatment* (U.S. registration PA 1-666-469) and distributed it on 4/4/2010 at 12:41:39 GMT, from the IP address 65.9.185.86.

56. Defendant Doe 35, without authorization, reproduced Plaintiff's registered work *Shock Treatment* (U.S. registration PA 1-666-469) and distributed it on 6/2/2010 at 03:46:45 GMT, from the IP address 74.190.33.175.

57. Defendant Doe 36, without authorization, reproduced Plaintiff's registered work *Shacked Up* (U.S. registration PA 1-590-157) and distributed it on 6/6/2010 at 14:32:10 GMT, from the IP address 68.213.245.196.

58. Defendant Doe 37, without authorization, reproduced Plaintiff's registered work *SideEffects* (U.S. registration PA 1-323-678) and distributed it on 4/4/2010 at 21:55:34 GMT, from the IP address 74.182.32.218.

59. Defendant Doe 38, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration PA 1-119-437) and distributed it on 4/25/2010 at 00:09:51 GMT, from the IP address 68.214.217.6.

60. Defendant Doe 39, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration PA 1-119-437) and distributed it on 4/28/2010 at 03:55:38 GMT, from the IP address 68.16.8.91.

61. Defendant Doe 40, without authorization, reproduced Plaintiff's registered work *Slow Heat In A Texas Town* (U.S. registration PA 1-661-081) and distributed it on 4/23/2010 at 15:50:33 GMT, from the IP address 74.243.216.199.

62. Defendant Doe 41, without authorization, reproduced Plaintiff's registered work *Stud Farm* (U.S. registration PA 1-246-824) and distributed it on 5/5/2010 at 17:25:07 GMT, from the IP address 68.217.252.55.

63. Defendant Doe 42, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 4/22/2010 at 09:17:05 GMT, from the IP address 98.66.67.171.

64. Defendant Doe 43, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 5/18/2010 at 21:06:57 GMT, from the IP address 74.184.68.83.

65. Defendant Doe 44, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 6/8/2010 at 09:46:06 GMT, from the IP address 98.90.41.163.

66. Defendant Doe 45, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration PA 1-631-963) and distributed it on 4/1/2010 at 17:14:59 GMT, from the IP address 98.87.6.80.

-12-

COMPLAINT

67. Defendant Doe 46, without authorization, reproduced Plaintiff's registered work *ToolBox* (U.S. registration PA 1-674-023) and distributed it on 4/25/2010 at 18:13:29 GMT, from the IP address 65.9.180.197.

68. Defendant Doe 47, without authorization, reproduced Plaintiff's registered work *ToolBox* (U.S. registration PA 1-674-023) and distributed it on 6/12/2010 at 04:52:45 GMT, from the IP address 72.145.179.32.

69. Defendant Doe 48, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration PA 1-666-468) and distributed it on 6/12/2010 at 14:31:41 GMT, from the IP address 74.245.62.26.

70. Defendant Doe 49, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration PA 1-139-371) and distributed it on 6/5/2010 at 09:33:08 GMT, from the IP address 65.13.4.170.

71. Defendant Doe 50, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration PA 1-139-371) and distributed it on 6/8/2010 at 05:30:49 GMT, from the IP address 98.74.28.125.

**SECOND CAUSE OF ACTION**
**CIVIL CONSPIRACY**

72. Plaintiff repeats and incorporates by this reference each and every allegation set forth in the preceding paragraphs.

73. Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works,

including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

74. Each Defendant then took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and making those works available on eDonkey2000 in anticipation of receiving other infringing copies of copyright protected works in exchange.

## JURY DEMAND

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4) That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5) That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 9/24/2010

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff, IO GROUP, INC.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 9/24/2010

Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

COMPLAINT