1  D. GILL SPERLEIN (172887)
   THE LAW OFFICE OF D. GILL SPERLEIN
2  584 Castro Street, Suite 879
   San Francisco, California 94114
3  Telephone: (415) 404-6615
4  Facsimile: (415) 404-6616

5  gill@sperleinlaw.com

6
7  Attorney for Plaintiff
   IO GROUP, INC.

8            **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
9                 **SAN FRANCISCO DIVISION**
10

11 IO GROUP, INC. d/b/a TITAN        )  **CASE NO.: 10-4378 (EDL)**
12 MEDIA,                            )
                                     )
13    Plaintiff,                     )  **FIRST AMENDED COMPLAINT:**
                                     )
14         vs.                       )
                                     )  **COPYRIGHT INFRINGEMENT and**
15 ELVIS BARNETT, CHERYL             )  **CIVIL CONSPIRACY**
   CALHOUN, ANNA ARAGON, KANG        )
16 LI, YURY KALENIK, LEE WILSON,     )
   MICHAEL WELCH, DAVID              )
17 SALARY, FERNANDO OBERTI,          )
   LASONYA PITTMAN, PETE             )  **JURY TRIAL DEMANDED**
18 WESSON, MONICA PAGE, MAYRA        )
   GONZALEZ, GORDON J. BROOM,        )
19 ROGER WOOWARD, JIM SORIANO,       )
   JOHN MONTGOMERY, PEDRO            )
20 OLIVERA, MIKE MURRAY,             )
21 TIFFANY KENT, JOHN CAIRE,         )
   DAVID HOLIHAN, RICHARD ZHU,       )
22 JERRY GUTHRIE, LISELOTTE          )
23 ACEVEDO, and YOUNG LIN,           )
                                     )
24    Defendants.                    )
25 ─────────────────────────────     )
26
27
28

## INTRODUCTION

1.     This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants and to enjoin Defendants from future infringement. Defendants reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000" certain Io Group-owned audiovisual works.

## THE PARTIES

2.     Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.  Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

3.     ELVIS BARNETT, CHERYL CALHOUN, ANNA ARAGON, KANG LI, YURY KALENIK, LEE WILSON, MICHAEL WELCH, DAVID SALARY, FERNANDO OBERTI, LASONYA PITTMAN, PETE WESSON, MONICA PAGE, MAYRA GONZALEZ, GORDON J. BROOM, ROGER WOOWARD, JIM SORIANO, JOHN MONTGOMERY, PEDRO OLIVERA, MIKE MURRAY, TIFFANY KENT, JOHN CAIRE, DAVID HOLIHAN, RICHARD ZHU, JERRY GUTHRIE, LISELOTTE ACEVEDO, and  YOUNG LIN are individuals who each infringed Io Group's copyrights and who through a rimless wheel conspiracy conspired with the remaining defendants and others to obtain an unending supply of infringing copies of movies from their

coconspirators in exchange for the infringing copies of Io Group movies they provided to the network.

4. Each Defendant used an Internet connection provided by AT&T Internet Services operating as Bell South Internet to access the Internet for the purpose of engaging in the infringing activity complained of herein.

5. Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

## **JURISDICTION**

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants.  Plaintiff is informed and believes and based thereon alleges that each Defendant knew the movie he or she infringed was a Titan Media owned movie, that Titan Media is a resident of this District, and that the effects of his or her infringing activity would be felt in this jurisdiction. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

8. Since this matter is based in copyright and thus was eligible for assignment to any of the three divisions of the District Court for the Northern District of California. The Clerk of the Court previously assigned this matter to Magistrate Judge Laporte in the San Francisco Division.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

10. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet at ever-increasing speeds. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification, and prosecution. Defendants' infringement represents one of these manifestations of on-line digital piracy.

11. In using the peer-to-peer (P2P) network "eDonkey2000", each of the Defendants conspired with other individuals, including the other Defendants, to reproduce and distribute Plaintiff's copyrighted works. Each of the Defendants conspired to provide other individuals with infringing copies of Plaintiff's works in exchange for receiving infringing copies of other works including other works belonging to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing. Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

13. Each of the audiovisual works at issue in this action is of obvious high production values and is easily discernable as a professional work. Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

14. Plaintiff marks each of its works with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California. Plaintiff also includes on each DVD a screen providing the company's address and telephone number for placing purchase orders.

15. All Defendants knew or should have known that Plaintiff resides and maintains its principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in this District.

16. At various times Plaintiff discovered and documented a number of Io Group, Inc. copyrighted works being publicly distributed by Defendants by and through the P2P network "eDonkey2000".

17. Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff and conspired with others to engage in further infringing activity.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

<u>Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works</u>

18. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19. At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works reproduced and distributed by Defendants through the P2P network "eDonkey2000".

20. For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office or has timely applied for registration.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

21. Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

22. ELVIS BARNETT, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 5/17/2010 at 05:05:01 GMT, from the IP address 65.3.129.238.

23. CHERYL CALHOUN, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 6/11/2010 at 20:29:31 GMT, from the IP address 74.229.145.2.  CALHOUN, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 2* (U.S. registration PA 1-230-106) and distributed it on 6/12/2010 at 15:55:27 GMT, from the IP address 74.229.145.2.  CALHOUN, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 3* (U.S. registration PA 1-230-117) and distributed it on 6/10/2010 at 19:06:08 GMT, from the IP address 74.229.145.2.

24. ANNA ARAGON, without authorization, reproduced Plaintiff's registered work *110 Degrees in Tucson* (U.S. registration PA 1-290-634) and distributed it on 6/12/2010 at 06:02:34 GMT, from the IP address 65.10.55.6.

25. KANG LI, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/8/2010 at 15:03:02 GMT, from the IP address 74.163.216.90.

26. YURY KALENIK, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/11/2010 at 00:11:50 GMT, from the IP address 74.176.89.60.

FIRST AMENDED COMPLAINT
10-4378 (EDL)

27. LEE WILSON, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/18/2010 at 08:24:28 GMT, from the IP address 74.178.163.138.

28. MICHAEL WELCH, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/27/2010 at 21:47:17 GMT, from the IP address 74.179.164.163.

29. DAVID SALARY, without authorization, reproduced Plaintiff's registered work *Copperhead Canyon* (U.S. registration PA 1-637-557) and distributed it on 5/24/2010 at 18:56:42 GMT, from the IP address 65.8.98.205 and DAVID SALARY, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 4/11/2010 at 01:54:37 GMT, from the IP address 65.8.100.27.

30. FERNANDO OBERTI, without authorization, reproduced Plaintiff's registered work *CopShack 2 - Crossing The Line* (U.S. registration PA 1-366-927) and distributed it on 5/18/2010 at 23:43:47 GMT, from the IP address 65.3.251.233.

31. LASONYA PITTMAN, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration PA 1-688-979) and distributed it on 5/30/2010 at 22:37:15 GMT, from the IP address 74.226.166.222.

32. PETE WESSON, without authorization, reproduced Plaintiff's registered work *Fallen Angel IV - Sea Men* (U.S. registration PA 1-065-767) and distributed it on 5/10/2010 at 03:55:31 GMT, from the IP address 74.247.51.186.

33. MONICA PAGE, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 6/29/2010 at 07:16:13 GMT, from the IP address 98.84.70.110.

34. MAYRA GONZALEZ, without authorization, reproduced Plaintiff's registered work *Heat* (U.S. registration PA 1-017-633) and distributed it on 5/31/2010 at 03:37:04 GMT, from the IP address 74.173.54.40.

35. GORDON J. BROOM, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 5/23/2010 at 07:12:46 GMT, from the IP address 74.173.197.186.

36. ROGER WOOWARD, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 2* (U.S. registration PA 1-230-106) and distributed it on 5/7/2010 at 05:25:32 GMT, from the IP address 98.83.17.22.

37. JIM SORIANO, without authorization, reproduced Plaintiff's registered work *Truck Stop On I-95* (U.S. registration PA 1-232-268) and distributed it on 5/7/2010 at 02:41:59 GMT, from the IP address 70.145.56.173.

38. JOHN MONTGOMERY, without authorization, reproduced Plaintiff's registered work *Turned On* (U.S. registration PA 1-319-593) and distributed it on 6/12/2010 at 21:16:51 GMT, from the IP address 74.248.237.63.

39. PEDRO OLIVERA, without authorization, reproduced Plaintiff's registered work *Shacked Up* (U.S. registration PA 1-590-157) and distributed it on 6/6/2010 at 14:32:10 GMT, from the IP address 68.213.245.196.

FIRST AMENDED COMPLAINT
10-4378 (EDL)

40. MIKE MURRAY, without authorization, reproduced Plaintiff's registered work *Slow Heat In A Texas Town* (U.S. registration PA 1-661-081) and distributed it on 4/23/2010 at 15:50:33 GMT, from the IP address 74.243.216.199.

41. TIFFANY KENT, without authorization, reproduced Plaintiff's registered work *Stud Farm* (U.S. registration PA 1-246-824) and distributed it on 5/5/2010 at 17:25:07 GMT, from the IP address 68.217.252.55.

42. JOHN CAIRE, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 4/22/2010 at 09:17:05 GMT, from the IP address 98.66.67.171.

43. DAVID HOLIHAN, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 5/18/2010 at 21:06:57 GMT, from the IP address 74.184.68.83.

44. RICHARD ZHU, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration PA 1-631-963) and distributed it on 4/1/2010 at 17:14:59 GMT, from the IP address 98.87.6.80.

45. JERRY GUTHRIE, without authorization, reproduced Plaintiff's registered work *ToolBox* (U.S. registration PA 1-674-023) and distributed it on 6/12/2010 at 04:52:45 GMT, from the IP address 72.145.179.32.

46. LISELOTTE ACEVEDO, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration PA 1-666-468) and distributed it on 6/12/2010 at 14:31:41 GMT, from the IP address 74.245.62.26.

47. YOUNG LIN, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration PA 1-139-371) and distributed it on 6/5/2010 at 09:33:08 GMT, from the IP address 65.13.4.170.

**SECOND CAUSE OF ACTION**
**CIVIL CONSPIRACY**

48. Plaintiff repeats and incorporates by this reference each and every allegation set forth in the preceding paragraphs.

49. Without authorization, Defendants, and each of them, downloaded and distributed Plaintiff's copyrighted works by and through the eDonkey2000 Network.

50. eDonkey2000 peers use the eDonkey Network to locate, reproduce, and distribute infringing content.

51. Plaintiff is informed and believes and based thereon alleges that the material available by and through the eDonkey2000 Network includes obviously unauthorized material including, for example, first run feature films prior to DVD or even box office release, making the infringing nature of the Network immediately apparent.

52. In order to access and use the eDonkey2000 Network, a user must first download special software called an eDonkey client. The most popular eDonkey client is eMule and its users account for 90% of the activity on the eDonkey2000 Network.

53. Plaintiff is informed and believes and based thereon alleges that when a user downloads eMule or another eDonkey2000 client, he obtains a user hash id, which identifies him to others on the network for the purpose of uploading and downloading infringing content.

54. eDonkey2000 relies on a centralized index residing on a series of servers. Using an eDonkey2000 client, users can access the index residing on the series of servers in order to locate copies of infringing works offered by other eDonkey2000 users.

55. In order for the eDonkey2000 Network to operate, it relies on a series of servers residing at the hub of a conspiracy to traffic in infringing content. These servers interconnect to operate as one within the center of the conspiracy to traffic in infringing content. If authorities remove from service any of the eDonkey servers, the others may continue to operate.

56. The infringing nature of servers at the center of the eDonkey2000 Network is well established. Belgian and Swiss police in 2006 seized one of the main servers, Razorback2. The eDonkey1 and eDonkey2 servers shut down under a court order and authorities have shut down other eDonkey servers throughout the world. Still, a number of the servers continue to operate at the hub of the conspiracy thereby enabling the infringing network to continue in operation.

57. The purpose of the eDonkey2000 Network (i.e. for certain participants to establish a central hub of indexing servers to facilitate the reproduction and distribution of infringing copies of copyrighted works between a network of coconspirators) is apparent to any user who downloads an eDonkey2000 client and uses the client for that purpose.

58. Once a user identifies and selects the infringing content he wants to download, he or she can then use the eDonkey2000 client to instruct the software residing on eDonkey2000 servers to locate that file on the computers of other users offering the file for distribution and then transfer the infringing file to his computer. The software on the

eDonkey2000 servers then locates the file on various users' computers and transfers pieces of the file to the user who searched for the file and ordered the transfer.

59. The transfer of infringing files cannot occur without the existence and assistance of the eDonkey2000 servers at the hub of the system that house the index of infringing files and facilitates the transfer of various bits of the infringing files from one user to another. Nor can the system work without the participant users who supply the infringing content.

60. Plaintiff is informed and believes and based thereon alleges that each of the Defendants downloaded an eDonkey client, for the purpose of and with the intent to conspire with other eDonkey2000 users to reproduce and distribute movies in violation of copyright laws.

61. Plaintiff is informed and believes and based thereon alleges that at the time each Defendant downloaded an eDonkey2000 client, he knew the client would provide access to infringing movies made available by other users and would allow the Defendant to provide infringing movies to other eDonkey2000 users.

62. Plaintiff is informed and believes and based thereon alleges that at the time each Defendant downloaded an eDonkey2000 client, he intended to access the eDonkey2000 Network for the purpose of reproducing and exchanging infringing copies of movies in violation of copyright laws.

63. Plaintiff is informed and believes and based thereon alleges that eMule and other e-Donkey2000 clients, reward users for making content available to others by enabling faster download speeds for those who make content available.

-13-

10-4378 (EDL)

64. In addition to the infringing files of Plaintiff's movies, each Defendant without authorization offered large amounts of infringing content belonging to other copyright holders for others to download, knowing the infringing nature of the content they offered.

65. Plaintiff is informed and believes and based thereon alleges that each Defendant without authorization offered large amounts of infringing content to others, knowing that other eDonkey2000 users would download the infringing content and further distribute it in exchange for still more infringing content.

66. Plaintiff is informed and believes and based thereon alleges that each Defendant distributed infringing copies of Plaintiff's movies in anticipation of receiving copies of infringing movies in return from other coconspirators participating in the eDonkey2000 copyright infringement ring.

67. Each Defendant knew or should have known that the infringing content the Defendant downloaded to his computer came from the computers of other users, who made the content available to him and others on the eDonkey2000 Network, in violation of copyright laws.

68. The operators of the eDonkey2000 servers form the hub of a rimless wheel conspiracy to reproduce and distribute content without the copyright holders' authorization and without regard to copyright laws.

69. Each Defendant understood the nature of the conspiracy to violate copyrights and agreed to join the conspiracy by downloading an eDonkey client with the intention of

using that eDonkey client to knowingly download, reproduce, and distribute infringing files with coconspirators.

70. Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

71. Each Defendant took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and distributing those works to coconspirators by and through the eDonkey2000 Network in anticipation of receiving other infringing copies of copyright protected works in exchange.

72. The Defendants conspiracy with others to unlawfully reproduce and distribution infringing copies of its works by and through the eDonkey2000 Network caused Plaintiff harm in an amount to be determined at trial.

73. Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants participation in the conspiracy to violate copyright laws.

## JURY DEMAND

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

# PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)  That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)  That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)  That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)  That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5) That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  5/3/2010                                    Respectfully submitted,

                                                    */s/ D. Gill Sperlein*

                                                    D. GILL SPERLEIN
                                                    THE LAW OFFICE OF D. GILL SPERLEIN
                                                    Attorney for Plaintiff, IO GROUP, INC.