D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA,<br><br>   Plaintiff,<br><br>           vs.<br>ELVIS BARNETT, CHERYL CALHOUN, ANNA ARAGON, KANG LI, YURY KALENIK, LEE WILSON, MICHAEL WELCH, DAVID SALARY, FERNANDO OBERTI, LASONYA PITTMAN, PETE WESSON, MONICA PAGE, MAYRA GONZALEZ, GORDON J. BROOM, ROGER WOOWARD, JIM SORIANO, JOHN MONTGOMERY, PEDRO OLIVERA, MIKE MURRAY, TIFFANY KENT, JOHN CAIRE, DAVID HOLIHAN, RICHARD ZHU, JERRY GUTHRIE, LISELOTTE ACEVEDO, and  YOUNG LIN,<br><br>   Defendants. | **CASE NO.: 10-4378 (EDL)**<br><br>**SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    June 14, 2011<br>Time:    3:00 p.m.<br>Ct.Rm:  E, 15th Fl. |

   Plaintiff files this Separate Case Management Conference Statement because of four remaining Defendants, three are *pro per* and one has not yet been served.

1

**SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**
C-10-4378 (EDL)

As a preliminary matter, since the filing of the First Amended Complaint, Plaintiff has voluntarily dismissed 17 of the 26 named Defendants. Of the remaining 9 Defendants, 5 have defaulted[1] and 3 have filed documents with the Court. The one remaining Defendant, Jerry Guthrie, is represented by counsel but did not authorize counsel to accept service of process. Plaintiff continues to attempt to serve Mr. Guthrie.

**1.     Jurisdiction and Service:**

**Jurisdiction -**

Plaintiff alleges this Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a) and that the Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

Plaintiff alleges personal jurisdiction over the Defendants based on the fact that the Defendants engaged in an intentional tort (copyright infringement) knowing the effect of their illegal actions would be suffered in this jurisdiction. Thus, Plaintiff can establish personal jurisdiction based on the effects doctrine.

---

[1] In its Notice of Default, Plaintiff identified six defendants who it believed had defaulted, but will Amend the Notice of Default to eliminate Roger Woodward whom Plaintiff has voluntarily dismissed from the matter.

Defendant David Salery filed a motion to dismiss based on lack of personal jurisdiction, although he failed to properly notice the motion.

**Service –**

At the outset of this case Plaintiff only knew the ip address associated with the alleged infringing activity. Therefore, Plaintiff requested leave from the Court to subpoena AT&T Internet Services to obtain the names of the subscribers to whom AT&T had assigned the relevant IP address. After AT&T identified the subscribers, Plaintiff contacted the subscribers by letter in order open settlement discussions.

Plaintiff later Amended the Complaint to name twenty-seven defendants. After further settlement negotiations, Plaintiff voluntarily dismissed 17 of the 26 named defendants. Only one Plaintiff remains to be served – Jerry Guthrie, who although represented by counsel, refused to authorize his counsel to accept service of the Summons and Amended Complaint.

  **2.**  **Legal Issues:**

This matter consists primarily of straight forward claims of direct copyright infringement against each Defendant.

  **3.**  **Motions:**

The only current motion is David Salery's un-noticed Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff intends to bring a motion for summary judgment on its copyright infringement claim against Myra Gonzalez as she has admitted to facts that establish her liability.

**4. Amended Pleadings:**

No Amended pleadings are currently contemplated.

**5. Evidence Preservation:**

Plaintiff is preserving all relevant evidence and has notified each Defendants of their responsibility to do the same.

**6. Disclosures:**

No disclosures have been exchanged.

**7. Discovery:**

Plaintiff has taken early discovery in the form of a subpoena to AT&T to identify the subscribers. The parties have not yet taken any additional discovery. Plaintiff sees no reason to limit or modify the discovery rules.

**8. Class Actions:**

This matter is not a class action.

**9. Related Cases:**

Currently, there are no cases related to this matter.

**10. Relief:**

Plaintiff seeks monetary damages of $150,000 based on Defendants' willful infringement of its works, and a permanent injunction prohibiting Defendants from further infringement of Io Group's registered works. Plaintiff also seeks an award of attorneys' fees and costs pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505.

**11. Settlement and ADR:**

4

Plaintiff presented each defendant with an early settlement offer which each rejected. Settlement discussions with some one defendant are ongoing.

**12.     Consent to Magistrate Judge for All Purposes:**

Plaintiff consented to have the matter referred to a magistrate judge for all purposes. Defendants have not made an election.

**13.     Other References:**

Parties do not believe the matter is suitable for any other references.

**14.     Narrowing of Issues:**

The parties have not had an opportunity to enter discussions for the purpose of narrowing issues.

**15.     Expedited Schedule:**

Parties do not believe the matter is suitable to be handled on an expedited basis.

**16.     Scheduling:**

Plaintiff believes it is premature to suggest scheduling dates, since Defendants have not had an opportunity for input.

**17.     Trial:**

Plaintiff has demanded a jury trial. Plaintiff expects a trial would last three to five days excluding jury selection and voir dire.

**18.     Disclosure of Non-party Interested Entities or Persons:**

Plaintiff filed its Certification of Interested Entities.

Pursuant to Civil L.R. 3-16, Plaintiff certifies that the following is a complete list of persons or entities that (i) have a financial interest in the subject matter in controversy

or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    Io Group, Inc.

    Bruce Lahey – majority shareholder of Io Group, Inc.

    Brian Ashby – minority shareholder of Io Group, Inc.

**19.    Other Matters:**

    None.

Respectfully Submitted,

                         */s/ D. Gill Sperlein*

Dated:  June 7, 2011                _____

                        D. Gill Sperlein
                        THE LAW OFFICE OF D. GILL SPERLEIN
                        Attorney for Plaintiff